ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO** DEMANDANTE(S)-RECURRIDA(S) V. **JOSÉ VARGAS FERNÁNDEZ T/C/C JOSÉ L. VARGAS FERNÁNDEZ, ÁNGELA L. ROSARIO DE LEÓN T/C/C ÁNGELA LUCÍA ROSARIO DE LEÓN T/C/C ANGÉLICA LUCÍA ROSARIO DE LEÓN T/C/C ÁNGELA LUCÍA ROSARIO T/C/C ÁNGELA ROSARIO DE LEÓN Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS** DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400330** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** Caso Núm. **SJ2022CV10413 (604)** Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, hoy día 30 de julio de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **ÁNGELA L. ROSARIO DE LEÓN** (señora **ROSARIO DE LEÓN**) mediante *Petición de Certiorari* interpuesta el 18 de marzo de 2024. En su recurso, nos solicita que revisemos la *Resolución* decretada el 30 de enero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante la referida decisión, el foro *a quo* declaró no ha lugar la *Moción de Inhibición* presentada el 20 de octubre de 2023 por la señora **ROSARIO DE LEÓN.**

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 1 de febrero de 2023. Apéndice de la *Petición de Certiorari*, págs. 133- 135.

Número Identificador:
RES2024_____

- I -

El 29 de noviembre de 2022, el **Banco Popular de Puerto Rico (BPPR)** entabló una *Demanda* sobre ejecución de hipoteca *In Rem* en contra de los señores **José Vargas Fernández** (señor **Vargas Fernández**) y **Rosario De León**.[2] Expuso, entre otras cosas, que el 16 de agosto de 2006, los señores **Vargas Fernández** y **Rosario De León** otorgaron un pagaré a favor del R & G Premier Bank of Puerto Rico Inc. o a su orden por la suma principal de $192,000.00 más intereses a razón de 7.125% anual, el cual se garantizó con una hipoteca voluntaria constituida mediante escritura pública número 423 sobre la propiedad sita en la Urbanización Las Lomas en San Juan, Puerto Rico. Manifestó que el 30 de noviembre de 2015, mediante escritura sobre modificación y ampliación se reformó la obligación hipotecaria. Explicó que el último abono fue realizado el 1 de septiembre de 2016, por lo que, los señores **Vargas Fernández** y **Rosario De León** incumplieron su obligación de pago y adeudan $194,278.64. Adujo que el 31 de octubre de 2013, los señores **Vargas Fernández** y **Rosario De León** presentaron una petición de quiebra bajo el Capítulo 13 del Código de Quiebras; el 28 de enero de 2019, la Corte de Quiebras dictaminó una *Orden* descargando ("discharged") la obligación personal; y el caso fue cerrado el 12 de febrero de 2019.[3] Argumentó que, aun cuando el descargo eliminó la responsabilidad personal, ello, no aplica a las deudas aseguradas o garantizadas. Afirmó que el **BPPR** está facultado para ejecutar su garantía.

Más tarde, el 16 de febrero de 2023, la señora **Rosario De León** presentó una *Moción para Asumir Representación Legal y Solicitud de Prórroga para Presentar Alegación Responsiva* en la cual interpeló una extensión de tiempo, no menor de treinta (30) días, para completar una investigación y presentar su alegación responsiva.[4] El 27 de marzo de 2023, luego de la prórroga concedida, la señora **Rosario De León** presentó su

---

[2] Apéndice de la *Petición de Certiorari*, págs. 1- 5.
[3] Caso núm. 13-09157, Código de Quiebra Federal, 11 U.S.C.A. § 524.
[4] Apéndice de la *Petición de Certiorari*, págs. 20- 21.

*Contestación a Demanda y Reconvención* en la cual alegó sus defensas afirmativas.[5] Expresó que el 24 de enero de 2023, fue emplazada personalmente junto al señor **VARGAS FERNÁNDEZ,** su exesposo, y como miembros de la extinta sociedad legal de gananciales. En la *Reconvención* arguyó que: (1) fue emplazada deficientemente; (2) **BPPR** incumplió crasamente con el Real Estate Settlement Procedure, al no informarle que estaba en mora del préstamo y al no ofrecerle todas las alternativas disponibles de mitigación de pérdidas; y (3) **BPPR** no ha probado fehacientemente ser el tenedor de buena fe del crédito litigioso, lo cual, le permitiría ejercer su derecho de propiedad y poner fin al litigio.[6]

El 29 de marzo de 2023, **BPPR** presentó una *Moción en Solicitud de Referido a Mediación y en Solicitud de Prórroga para Contestar Reconvención* en la cual requirió que las partes fuesen referidas al proceso de mediación compulsoria.[7] En consecuencia, ese día, se decretaron *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas;* y *Resolución-Paralización por Mediación y Otras*.[8] En esta última, se dispuso que una vez culminada la mediación, de continuar el caso, se concedería un término de veinte (20) días a **BPPR** para contestar la *Reconvención*.

Luego de varias incidencias procesales, el 20 de octubre de 2023, la señora **ROSARIO DE LEÓN** presentó una *Moción de Inhibición* en la cual planteó que la mediadora asignada "esbozó alegaciones y defensas como alegada falta de documentos, entre otros, que correspondían ser esbozadas por el acreedor hipotecario y no fueron levantadas por dicho acreedor".[9] El 25 de octubre de 2023, **BPPR** presentó su *Réplica a Moción de Inhibición* en la cual expresó que "es un hecho cierto que la parte demandada NO ha completado una solicitud de Mitigación de Pérdidas. Ante dicho hecho, la

---

[5] Apéndice de la *Petición de Certiorari*, págs. 23- 44. Incluyó copia del *Acta Inextensa de Divorcio* el cual acredita que el 28 de mayo de 2014 se dictó *Sentencia* en la Provincia Santo Domingo, Republica Dominicana.
[6] Act, 12 C.F.R. sec 1024.5 y *ss.* Ley de Ayuda al deudor Hipotecario, Ley Núm. 169-2016, 32 LPRA secs. 2891-2895.
[7] Apéndice de la *Petición de Certiorari*, págs. 45- 47.
[8] *Íd.*, págs. 48- 51 y 54.
[9] *Íd.*, págs. 61- 64.

parte demandante se ha visto imposibilitada de evaluar a la parte demandada para alguna alternativa de pago disponible en el mercado".[10] Posteriormente, el 22 de enero de 2024, la señora **ROSARIO DE LEÓN** presentó *Réplica a Oposición "Réplica a Moción" de Inhibición* en la cual señaló que "dicha parte no estuvo presente durante lo discutido durante la vista de mediación celebrada el 12 de octubre del corriente, razón por la que desconoce lo discutido entre las partes presentes durante la vista que motivaron la solicitud de la parte demandada".[11] A los dos (2) días, el 24 de enero de 2024, **BPPR** presentó *Dúplica a Réplica.*[12]

El 30 de enero de 2024, se celebró audiencia y se dictó la *Resolución* impugnada en la cual se concluyó que "[l]as expresiones de la Mediadora no constituyen una adjudicación de hechos para dar por terminada la mediación. Tampoco se demostró que la Mediadora actuara con prejuicio o parcialidad ni que sus expresiones le impidan continuar interviniendo en el caso". En esta misma fecha, la señora **ROSARIO DE LEÓN** presentó *Solicitud de Sentencia Declaratoria y Reiterando Moción de Inhibición* y *Moción en Cumplimiento de Orden.*[13] Esta última está acompañada de varios correos electrónicos concerniente a la *Solicitud de Asistencia Hipotecaria/Mortgage Assistance Application*. Al día siguiente, **BPPR** presentó *Moción Informativa* exponiendo que la señora **ROSARIO DE LEÓN** no ha complementado la *Autorización a Proveer Informacion a Terceros Acerca de Préstamo Hipotecario* ni la *Solicitud de Asistencia Hipotecaria/Mortgage Assistance Application*.[14]

Así las cosas, el 16 de febrero de 2024, la señora **ROSARIO DE LEÓN** presentó una *Moción de Reconsideración*.[15] El mismo día, se pronunció *Resolución* declarando no ha lugar la solicitud de reconsideración.[16]

---

[10] Apéndice de la *Petición de Certiorari*, pág. 66- 86.
[11] *Íd.*, págs. 94-98.
[12] *Íd.*, págs. 99- 102.
[13] *Íd.*, págs. 104- 113 y 114- 130.
[14] *Íd.*, págs. 131- 132.
[15] *Íd.*, págs. 141- 145.
[16] *Íd.*, págs. 146- 148.

Inconforme, el 18 de marzo de 2024, la señora ROSARIO DE LEÓN acudió ante este foro revisor mediante *Petición de Certiorari* señalando el(los) siguiente(s) error(es):

> Erró y abusó de su discreción el foro de instancia al no acoger la solicitud de inhibición de la parte recurrente en cuanto a la Mediadora del proceso del caso de epígrafe por esta haber realizado determinaciones y expresiones contrarias a los hechos y documentación de este caso, incluyendo el no permitir al abogado de epígrafe participar del proceso de mediación compulsoria de su cliente, la parte recurrente y haberlo amenazado con dar por terminado este caso ante el CMC, en contravención de la política pública establecida en nuestra jurisdicción plasmada en la Ley 184-2012, su progenie y jurisprudencia interpretativa.

> Erró y abusó de su discreción el foro de instancia al no emitir sentencia declaratoria para compeler a la parte recurrida y al CMC el permitir que el abogado suscribiente participe del proceso de mediación compulsoria en calidad de representante legal de la parte recurrente.

> Erró y abusó de su discreción el foro de instancia al no referir este caso a intramuros para que continúe el proceso de mediación compulsoria entre las partes del caso de epígrafe conforme a la Ley Núm. 184-2012.

El 20 de marzo de 2024, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de cinco (5) días para que la señora ROSARIO DE LEÓN acreditara la notificación del recurso al **BPPR** y al foro primario. Además, se concedió un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *Certiorari* y revocar el dictamen impugnado al **BPPR.** El 4 de abril de 2024, **BPPR** presentó su *Oposición a que se Expida Certiorari Civil*. El 5 de abril de 2024, dispusimos *Resolución* requiriéndole a la señora ROSARIO DE LEÓN exponer las razones por las cuales no se debía desestimar esta causa de acción por la falta de notificación al Tribunal de Primera Instancia dentro del término de diez (10) días. El 9 de abril de 2024, dictaminamos *Resolución* imponiéndole a la señora ROSARIO DE LEÓN explicar su posición sobre la solicitud de desestimación del recurso por la falta de notificación al señor VARGAS FERNÁNDEZ dentro del período de diez (10) días. El 18 de abril de 2024, la señora ROSARIO DE LEÓN presentó *Moción*

*de Cumplimiento con Resoluciones de este Honorable Tribunal del 5 y 9 de Abril de 2024, Respectivamente con Relación al Caso de Epígrafe.*

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## - II -

### - A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[17] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[18]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[19] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[20]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[21] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[22] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

---

[17] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[18] *Íd.*
[19] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[20] *Íd.*
[21] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[22] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [23]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones (Reglamento).[24]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[25] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[26]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el

---

[23] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[24] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[25] *Íd.*
[26] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

ejercicio de nuestra jurisdicción.[27] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[28] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[29]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[30] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[31]

### – B – Manejo del caso

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los(las) jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales.[32] Ello presupone que se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique.[33] En ese sentido, el foro primario tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente.[34]

---

[27] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[28] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[29] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*
[30] *García v. Asociación*, 165 DPR 311, 322 (2005).
[31] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[32] *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, 213 DRR ___ (2023).
[33] *In re Collazo I*, 159 DPR 141, 150 (2003).
[34] *In re Pagani Padró*, 181 DPR 517, 529 (2011); *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

Como norma general, los foros revisores no intervendrán con el manejo del caso ante la consideración del tribunal primario.[35] El Máximo Foro ha manifestado que los tribunales apelativos no debemos intervenir con determinaciones decretadas por el foro primario y sustituir el criterio utilizado en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con perjuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[36] Ello implica que el ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad.[37]

– III –

En este caso, la señora **ROSARIO DE LEÓN** planteó que el foro de instancia incidió: (i) al no acoger su solicitud de inhibición de la Mediadora del Centro de Mediación de Conflictos (CMC) por haber realizado determinaciones y expresiones contrarias a los hechos y documentación; (ii) al no emitir sentencia declaratoria para compeler al CMC para permitir que su representación legal participe del proceso de mediación compulsoria; y (iii) al no referir este caso a intramuros para la continuación del proceso de mediación compulsoria.[38]

De otro lado, **BPPR** formuló la existencia de omisiones en la notificación del recurso. Además, razonó que la Mediadora no ha sido parcial. Ello dado que sus expresiones conciernen a que no se ha cumplimentado toda la documentación necesaria para la evaluación de mitigación de pérdidas. Lo cual ha sido aceptado por la señora **ROSARIO DE LEÓN.**

Como cuestión de umbral, ante el hecho de que el recurso es una *Petición de Certiorari*, este Tribunal de Apelaciones debe determinar si procede su expedición. Es sabido que un tribunal intermedio no intervendrá

---

[35] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).
[36] *Íd.*
[37] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[38] La Mediadora del Centro de Mediación y Conflictos (CMC) atiende el caso de conformidad con la *Ley Núm. 184-2012,* según enmendada, conocida como la *Ley para la Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipoteca de una Vivienda Principal,* y el *Reglamento de Métodos Alternos para la Solución de Conflictos*, según enmendado.

con el ejercicio de la discreción (manejo de sala) de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

La señora **ROSARIO DE LEÓN** no ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien preside la sala y celebró una audiencia en enero de 2024 para dirimir la controversia sobre la solicitud de inhibición de la Mediadora. De igual modo, no vislumbramos error alguno en la *Resolución* recurrida que precise nuestra intervención.

Aquilatamos que, con esta decisión, no hemos prejuzgado los méritos de la controversia, por lo que las partes conservan su derecho de presentar nuevamente estos y otros señalamientos, de entender necesario, en un recurso apelativo posterior.

– **IV** –

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *Certiorari* incoado el 18 de marzo de 2024. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones